**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

YOEL FELIX SENUAN,

      Petitioner,

v.                                                          Case No. 2:26-cv-2565-MSN-tmp

CHRISTOPHER BULLOCK, Field Office
Director, U.S. Immigration and Customs
Enforcement, New Orleans Field Office,

      Respondent.

---

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner has filed a Petition for Writ of Habeas Corpus (ECF No. 1, "Petition"), challenging his continued detention.  The Petition requests immediate release or, alternatively, a bond hearing before an Immigration Judge.  (ECF No. 1 at PageID 14.)  On June 16, 2026, Respondent filed his Response (ECF No. 13) to the Court's Order to Show Cause (ECF No. 9).  Notably, though the Petition asserts relief for prolonged detention under 8 U.S.C. § 1225, Respondent nevertheless concedes that Petitioner is entitled to a bond hearing or, if not provided, release, pursuant to 8 U.S.C. § 1226.  (ECF No. 13 at PageID 75.)  In other words, the Response does not address the grounds for relief asserted in the Petition; instead, the Response admits that Petitioner is entitled to the requested relief on different grounds.  In particular, Respondent addresses Petitioner's situation in light of the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 714 (6th Cir. 2026).  Respondent is evaluating whether to seek further appellate review of *Lopez-Campos*, but he acknowledges that *Lopez-Campos* provides the relief Petitioner seeks. (ECF No. 13.)  Respondent says that, subject to his reservation of all rights to appeal *Lopez-*

*Campos*, the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody. (*Id.*)

*Lopez-Campos* found that some aliens, like Petitioner, who are present in the interior of the United States without being admitted or paroled, are properly detained under 8 U.S.C. § 1226(a), which provides for a bond *hearing* pending the aliens' removal proceedings. So although Petitioner also requests immediate release, that is not the relief to which he is entitled under § 1226.

Accordingly, based on the Sixth Circuit's decision in *Lopez-Campos* and Respondent's position that it provides the relief requested, the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART**, and Respondent is **ORDERED** to give Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within **ten days of the date of this Order.**[1] The bond hearing should be conducted in accordance with the normal procedures that were applicable prior to the decision of the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025). If a bond hearing is not held within 10 days of the date of this Order and Petitioner has not consented to an extension, then Petitioner shall be released from custody at that time.

**IT IS SO ORDERED**, this 16th day of June, 2026.

s/ *Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[1] Relatedly, Petitioner's Motion for Injunctive Relief (ECF No. 6) is **DENIED AS MOOT**.